**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
**_____**

**UNITED STATES OF AMERICA,**

    **-vs-**

**PHILIP VANRIPER,**
                                     **Defendant.**

**04-CR-494**
**06-CV-334**

**_____**

**THOMAS J. McAVOY,**
**Senior United States District Judge**

## DECISION & ORDER

On February 23, 2005, Defendant Philip VanRiper pleaded guilty to one count of filing false tax returns. Defendant was sentenced to a term of 6 months of home detention and 3 years of probation. A Judgment of Conviction was filed on October 11, 2005. No direct appeal was taken from the conviction or sentence. By letter dated March 2, 2006, Defendant filed a letter application for re-sentencing on the grounds that: (1) the amount of the tax loss has now been computed to be less than $40,000, whereas it was previously believed to be approximately $43,000, which Defendant contends would lower his offense category by one level; and (2) he has since been disbarred from the practice of law and that he did not anticipate such a result from entering his guilty plea.

By Order dated March 14, 2006, the Court informed Defendant of its intention to convert his letter motion to a motion made pursuant to 28 U.S.C. § 2255. On March 15, 2006, Defendant filed a

1

motion pursuant to 28 U.S.C. § 2255 seeking to be discharged from his term of probation on the same grounds identified above.

The Court finds that there is no basis for resentencing Defendant. First, in his written plea agreement, Defendant admitted to a tax loss in excess of $40,000. Defendant may not now challenge the amount to which he agreed. If Defendant believed he was responsible for a tax loss less than $40,000, he retained the right to put the government to its proof at a jury trial. Instead, Defendant openly admitted that he was responsible for a tax loss in excess of $40,000. Further, in the proceedings before the New York State Supreme Court, Appellate Division, Defendant did not dispute that he owed over $40,000 to the Internal Revenue Service. See In re Van Riper, 25 A.D.3d 1065 (3d Dep't 2006). Thus, this amount is not subject to collateral attack.

Second, Defendant was subject to a Guideline range of 10 to 16 months of imprisonment. This Court considered the Guidelines and the other relevant sentencing factors together with Defendant's circumstances and imposed a rather lenient sentence of 3 months of home detention and 3 years of supervised release. Assuming the Court incorrectly calculated the Guideline range based on a tax loss in excess of $40,000, upon reconsideration of the factors in 18 U.S.C. § 3553 and Defendant's circumstances (including his disbarment) and assuming Defendant was responsible for a tax loss less than $40,000, the Court continues to believe that a sentence of 3 months home detention and 3 years of probation is appropriate.

Third, the fact that Defendant has now been disbarred does not warrant a new sentence. Defendant was on notice, or reasonably should have been on notice, that he was temporarily suspended from the practice of law pending a final disciplinary order. See In re Van Riper, 18 A.D.3d 954 (3d Dep't 2005). In light of the facts that the Appellate Division found that Defendant had been convicted of a serious crime and that has had prior run-ins with the disciplinary committee and in further light of N.Y. Judiciary Law § 90, Defendant should have been aware of the possibility that his conviction could result in being disbarred from practicing law. Regardless of whether Defendant actually knew that his license to practice law would be revoked, his being disbarred is a collateral consequence of his conviction that has no bearing on the validity of his conviction or his sentence.

For the foregoing reasons, the Court vacates its March 14, 2006 Decision and Order as moot and DENIES Defendant's motion for relief pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED**

DATED:
March 16,2006

Thomas J. McAvoy
Senior, U.S. District Judge

3